**FILED AND ENTERED**

**OCT 2 3 2015**

**Clerk**
**U.S. Bankruptcy Court for D.C.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
PAUL DOUGLAS DANDY,              )    Case No. 87-01018
                                 )    (Chapter 13)
          Debtor.                )    Not for publication in
                                 )    West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On February 10, 2014, Citibank, N.A. filed an application for release of unclaimed funds in the amount of $125.00 (Dkt. No. 22). This is the second time that Citibank or a related entity has sought to recover the unclaimed funds. See attached *Memorandum Decision and Order* dated January 4, 2011, and entered by the clerk on January 5, 2011.[1]

The governing statute, 28 U.S.C. § 2042, requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of the right thereto." This application, like the prior application, fails to comply with that requirement. Although the application is signed under penalty of perjury and states that the debt remains unsatisfied in an amount exceeding the unclaimed funds, it provides the following information in paragraph 4 of the form of application used in this court for

---

[1] The application was ultimately denied because the applicant failed to supplement the application as directed by the court's *Memorandum Decision and Order*.

obtaining a release of unclaimed funds:

> 4. An account record regarding amounts owed on the debt:
> [ ]  was not maintained;
> [ ]  was maintained and a copy of the page stating the balance currently owed is attached hereto;
> [x]  was maintained but is unavailable because:
>
> but I can certify that the debt remains unpaid because: <u>Payment has not been received</u>.

The application contains no satisfactory explanation for how the applicant can know that payment has not been received, and that the debt remains unpaid, when there is no account record available. Accordingly, the applicant has not submitted "full proof of [its] right" to the unclaimed funds as required by § 2042.

This court generally does not require that an attorney represent a corporation with respect to an application to obtain a release of unclaimed funds. However, this is the second unsuccessful application, signed by a non-attorney, seeking to obtain the $125.00 in unclaimed funds. The court carefully explained in the *Memorandum Decision and Order* dated January 4, 2011, the burden the applicant faces, but the applicant appears to be incapable, without the assistance of an attorney, of filing an application that meets that burden. To assure that any further application will more likely comply with § 2042, I will require that any such further application be signed by an attorney. It is thus

ORDERED that the renewed application for release of unclaimed funds in the amount of $125.00 (Dkt. No. 22) filed on February 10, 2014, is denied without prejudice. It is further

ORDERED that any further application for the release of the unclaimed funds must be signed by a member of the bar of the district court of which this court is a unit.

Dated: October 22, 2015

*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

Copies to:

Citibank, N.A.
c/o Santo Trombetta
388 Greenwich Street, 8th Floor
New York, NY 10013

**FILED AND ENTERED**

JAN - 5 2011

**Clerk**
**U.S. Bankruptcy Court for D.C.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
PAUL DOUGLAS DANDY,                )   Case No. 87-01018
                                   )   (Chapter 13)
            Debtor.                )   Not for Publication in
                                   )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER REQUIRING SUPPLEMENTATION
OF APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On July 16, 2010, Citicorp, N.A., successor-in-interest of Citibank-MD, filed an application for release of unclaimed funds in the amount of $125.00 (Dkt. No. 16).[1] The chapter 13 trustee in the above-captioned bankruptcy case distributed the dividend by check to Citibank-MD-NA, but the check remained unpaid ninety days after the final distribution. The application does not address why the check was not cashed. The chapter 13 trustee deposited the funds attributable to the unclaimed dividend into the court's registry pursuant to 11 U.S.C. § 347(a)[2] and the

---

[1] An order was entered early in this case pursuant to which I recused myself. An application for unclaimed funds is distinct from the bankruptcy proceeding in which it is filed, and I therefore conclude that my earlier recusal does not apply to adjudication of this application.

[2] 11 U.S.C. § 347(a) provides, in relevant part:

> Ninety days after final distribution under section . . . 1326 of this title in a case under chapter . . . 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

funds were later deposited in the Treasury pursuant to 28 U.S.C. § 2041.[3] Absent a showing that the debt payable to Citibank-MD has not been previously satisfied, the court will not grant the relief sought.

The burden is on Citicorp to demonstrate that it is entitled to the funds sought. *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965). Although the record before the court demonstrates that Citibank-MD was at one time entitled to the funds, Citicorp, as Citibank-MD's successor-in-interest, has not demonstrated a present entitlement. The court will require pursuant to 28 U.S.C. § 2042[4] that the withdrawal of the funds

---

[3] 28 U.S.C. § 2041 provides, in relevant part:

All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.

[4] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

2

and payment to Citicorp will be ordered only upon a demonstration by Citicorp of a **present** right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

Although the funds were originally distributed by check made payable to Citibank-MD pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Citicorp's **continuing** entitlement, as Citibank-MD's successor-in-interest, to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If Citibank-MD's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Citicorp, as Citibank-MD's successor-in-interest, is no longer entitled to the funds. *Id.* at 367 (quoting *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Any overpayment that might result from payment of the unclaimed funds to Citicorp is not simply a matter to be resolved by Citicorp and the debtor. Instead, § 2042 requires that the

3

court determine Citicorp's entitlement to the funds.[5] It is thus

ORDERED that by **January 28, 2011**, Citicorp shall file with the court an affidavit stating whether Citibank-MD's claim that was the basis for the issuance of the distribution has or has not already been satisfied, and that if no such affidavit is timely filed, the court will deny the Application without prejudice.

January 4, 2011
DATE

Judge S. Martin Teel, Jr.

Copies to:

CITICORP, N.A.
Attn: Kathleen S. Allen
3800 Citigroup Center Dr., G3-4
Tampa, FL, 33610

---

[5] 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money." Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court. *Hansen*, 340 F.2d at 144. The court does not address which entity or entities--the debtor, the unsecured creditors in the case (assuming their allowed claims were never paid), or the trustee as a representative of the unsecured creditors--are entitled to the funds in the event that Citicorp is not entitled to the funds. Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.